# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KAVIN LEE PEEPLES,  Case No. 1:19-cv-971
    Petitioner,

                                                                                    Bertelsman, J.
vs.                                                                        Bowman, M.J.

ANGELA L. BYERS,  **ORDER AND REPORT**
    Respondent.  **AND RECOMMENDATION**

Petitioner has filed a motion for leave to proceed *in forma pauperis* (Doc. 1) along with a "Petition for Writ of Mandamus and Order and Service." (Doc. 1-1). Petitioner's motion for leave to proceed in forma pauperis (Doc. 1) is **GRANTED**. For the reasons set forth below, however, the Court **RECOMMENDS** that petitioner's petition for writ of mandamus (Doc. 1-1) be **DISMISSED without prejudice**.

Petitioner alleges that he is incarcerated at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio. In his petition, he requests the Court to Order respondent, Special Agent Angela L. Byers, to investigate petitioner's claims that unidentified employees at SOCF are violating the Racketeer Influenced and Corrupt Organizations Act. (Doc. 1-1, at PageID 10-11). Petitioner further indicates that the underlying action is related to a previously filed habeas corpus action, Case No. 19-cv-340, in which plaintiff seeks to challenge a 1992 Ohio murder conviction. *See Peeples v. Warden*, No. 19-cv-340 (S.D. Ohio) (Doc. 1-1; Doc. 1-2).[1]

Although petitioner has indicated that this action is related to the habeas corpus action he filed in Case No. 19-cv-340, petitioner has not stated herein any cognizable federal habeas claims. (*See* Doc. 1-1, at PageID 10-11). *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an

---

[1] In Case No. 19-cv-340, the magistrate judge has entered a Report and Recommendation recommending the matter be transferred to the Sixth Circuit Court of Appeals as a second or successive habeas corpus petition seeking relief under 28 U.S.C. § 2254. *See Peeples*, No. 19-cv-340 (Docs. 10, 13).

application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws ... of the United States.").

Further, to the extent that petitioner seeks the Court to enter a writ of mandamus to compel respondent to investigate petitioner's claims, petitioner has not met his burden of showing that such an extraordinary remedy is warranted in this case.  *See Allied Chemical Corp. v. Daiflon, Inc*., 449 U.S. 33, 34 (1980) (explaining that the "remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances").  *See also Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991) ("A writ of mandamus is an extraordinary remedy, and is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty.").  Petitioner has not identified a clear duty on the part of respondent to investigate his claims or any other basis for the Court to grant the relief he seeks.  *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation.").  *Cf. Peek v. Mitchell*, 419 F.2d 575, 577 (6th Cir. 1970) ("It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General.  Mandamus will not lie to control the exercise of this discretion.") (quoting *Powell v. Katzenbach*, 359 F.2d 234, 234-35 (D.C. Cir. 1965)).

Accordingly, in sum, because petitioner has failed to state a cognizable federal habeas claim under § 2254 or any basis upon which the Court could grant a writ of mandamus, the undersigned **RECOMMENDS** that the instant petition be summarily **DISMISSED without prejudice**.

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner's motion for leave to proceed in forma pauperis (Doc. 1) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petitioner's *pro se* "Petition for Writ of Mandamus and Order and Service" (Doc. 1-1) be **DISMISSED without prejudice**.

2. A certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

KAVIN LEE PEEPLES,                  Case No. 1:19-cv-971
    Petitioner,

                                                      Bertelsman, J.
vs.                                                   Bowman, M.J.

ANGELA L. BYERS,

                                        **NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).